UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CIVIL DIVISION

LAWRENCE ANDREW BENJAMIN
AS PARENT AND NATURAL GUARDIAN
OF E.B.,

      Plaintiff,

v.

Case No.: _____

BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC.
d/b/a FLORIDA BLUE,

      Defendant.
_____/

# COMPLAINT

COMES NOW, Plaintiff, BENJAMIN LAWRENCE ANDREW AS PARENT AND NATURAL GUARDIAN OF E.B. (hereinafter "Plan Beneficiary" or "Insured Member"), through his undersigned counsel, and sues Defendant, BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., d/b/a FLORIDA BLUE (hereinafter "Florida Blue"), and alleges:

## NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE

1. This is a civil action arising under the laws of the United States, specifically the Employment Retirement Income Security Act of 1974, Title 29, United States Code Sections 1000-1461 ("ERISA"), for Defendant's wrongful denial of Plaintiff's health insurance benefits for damages, attorney's fees, and costs, and for other relief within the subject matter jurisdiction of this Court.

Health & Medicine Law Firm
Advocates for Patients & Physician Directed Healthcare

8950 SW 74th Court | Suite 2201 | Miami, FL 33156 | Ph: (305) 677-2292

Case No.: _____

2. This is an action that involves parties and property located within the venue of this Court, and venue is otherwise proper pursuant to 28 U.S. Code § 1391.

3. At all times material hereto, the Plan Beneficiary was a citizen and is *sui juris*.

4. At all times material hereto, the Defendant, Florida Blue (hereinafter "the Insurance Company"), is and was a health insurance company authorized to, and doing business in the state of Florida and providing health insurance coverage and plan administration services to Florida residents, including Plaintiff.

5. A substantial part of the events or omissions giving rise to the claim occurred in Charlotte County, Florida.

6. At all times material hereto, Defendant Florida Blue, administered health benefits and related services in the State of Florida, and is subject to the jurisdiction of this Court.

7. At all times material hereto, Florida Blue insured and administered employer health benefits and administered health insurance claims for Plaintiff in the State of Florida and more specifically in Charlotte County, Florida.

8. At all times material hereto, Wright Construction Group, Inc. (hereinafter the Employer"), is and was a self-funded employer that sponsored a

Case No.: _____

health insurance plan of which Plaintiff is and was a beneficiary. The Employer employed more than 20 employees at all relevant times.

9. At all times material hereto, the Defendant was a plan and claims administrator for The Employer.

10. Under the terms of the Plan and Claims administered by Defendant, patients and beneficiaries who are covered under said plans, whose claims the Defendant administers, like Plaintiff's, are entitled to payment for medically necessary health benefits and or claims.

11. At all times material hereto, the Defendant, was plan and claims administrator for The Employer, a self-funded employer sponsored health insurance plan, of which, Plaintiff was a beneficiary.

12. This Court possesses original jurisdiction pursuant to Title 29, United States Code, Section 1132(e), and Title 28, United States Code, Section 1331.

13. Venue is proper in the Middle District Court of Florida pursuant to Title 29, United States Code, Section 1132(e)(2) and Title 28, United States Code, Section 139l(b) since 29 U.S.C. §1132(e)(2) states that a case can be filed in the district where the plan is administered, and under 28 U.S.C. §1391 where the facts and circumstances *(e.g.,* claim denial and payment of health benefits) giving rise to this cause of action transpired (in whole or in part) in Charlotte County, Florida and (2) Defendant's conduct a substantial amount of business in this District and in Charlotte County, Florida.



Case No.: _____

14. All conditions precedent to the institution of this action (e.g., administrative pre-suit appeals) have occurred, been performed, been waived, or were futile.

## STATEMENT OF THE FACTS

15. At all material times, the Plan Beneficiary was covered by the health insurance plan sponsored by the Employer and Insured by Florida Blue. A copy of the Plan document is attached hereto as **Exhibit A**.

16. The Insurance Company was the Plan and or Claims administrator for The Employer.

17. Florida Blue has full discretion under the Plan to determine maximum payments for benefits, to determine whether the services requested and denied at issue herein are deemed medically necessary, or covered or excluded, and to choose not to enforce all of the terms and conditions of the Group Health Plan.

18. At all material times, the Plan Beneficiary and or through her medical providers submitted various health insurance claims for medical services, which were subsequently wrongfully denied.

19. More specifically, on or about February 25, 2022, the ERISA Plan Beneficiary received medical services from her medical provider, Lee Memorial Health System ND, who submitted Claim No. N0001R1631919594 to Florida Blue. However, Florida Blue wrongfully denied the claim.

20. Similarly, on or about May 11, 2022, the Plan Beneficiary again saw her primary care provider ("pediatrician") in connection with her regular medical treatment and or plan of care. The provider, Lee Memorial Health System ND, submitted Claim No. N0001R1661031144, which was subsequently denied by Florida Blue.

21. Next, on or about July 2nd, 2022, the Plan Beneficiary went to her medical provider, Split Mountain Emergency Physicians, LLC, who submitted Claim Nos. Q100001036440691, Q100000994068942, which were subsequently wrongfully denied by Florida Blue.

22. Likewise, on 07/02/2023, the Plan Beneficiary's medical provider, HCA Florida Fawcett Hospital, submitted Claim No. N0001R1683293803, which was subsequently denied by Florida Blue. A second provider, Tampa Bay Radiology Associates PL also submitted a medical claim, Claim No. Q100000991063951, which was also subsequently wrongfully denied by Florida Blue.

23. Thereafter, on or about 07/13/2022, the Plan Beneficiary received medical services from her medical provider, Lee Memorial Health System, who proceeded to submit Claim No. Q100001064507909, which was subsequently denied by Florida Blue.

24. Similarly, on or about July 19, 2022, the Plan Beneficiary again saw her medical provider, Lee Memorial Health System ND, who submitted Claim



Case No.: _____

No. N0001R1688027640 in connection with the medical services provided. However, Florida Blue wrongfully denied the claim.

25.   Consequently, as a result of Florida Blue's wrongful denials of the above-referenced medical claims, the Plan Beneficiary started to receive medical bills and or debt on or about August 2022, and continues to receive bills currently.

26. Thereafter, on or about August 1st, 2023, the Plan Beneficiary submitted an appeal request to Florida Blue, who acknowledged and responded to the appeal on or about September 29, 2023. ("the response to the appeal").

27.   Florida Blue's initial denial was based on the grounds that the Plan Beneficiary did not have health insurance coverage during the relevant dates of service. However, on 09/29/2023 Florida Blue acknowledged that the Member did in fact have valid coverage in effect for each of the relevant dates of service referenced above. Despite acknowledging that the member had valid coverage, Florida Blue stated in pertinent part:

> **The outcome**
> **We're sorry to let you know that we still can't approve coverage or payment for services rendered on Service Date 05/11/2022, 07/02/2022, 07/13/2022, and 07/19/2022. Our decision was made inclusive of the following:**
> - **Review of the Covered Person's coverage (under Member #H28521136) finds it was in effect from 11/01/2022 – 03/31/2023.**
> - **There is no provision for further payment consideration.**



28. However, Florida Blue's appeal response is contradictory and inconsistent with the information reflected in Florida Blue's system, which showed valid coverage from 12/01/2021 through 08/31/2022, when the relevant policy at issue was terminated as a result of the Plan Beneficiary switching jobs.

29. Moreover, in addition to appealing the wrongful denials of the medical claims by Florida Blue, throughout 2022, the Plan Beneficiary also contacted Florida Blue's Benefits Department as well as the Claims Department, which confirmed that the Plan Beneficiary had valid coverage from 12/01/2021 through 08/31/2022.

30. Furthermore, Florida Blue through its employees and or agents informed the Member that "your daughter was kicked out of the system on the claim's side but shows coverage on the benefits' side." In fact, Florida Blue's online member portal reflected and continues to reflect valid coverage for all the members and or dependents under the Plan.

31. Thus, Florida Blue wrongfully denied payment of the above-referenced medical claims submitted by the Members various medical providers, even though the Plan Beneficiary had valid and active coverage under the Plan, which was further confirmed by Florida Blue as active on multiple occasions, and reflected in multiple sources as active valid coverage.

Case No.: _____

32. In addition to Florida Blue's inconsistent and contradictory positions and information provided, Florida Blue's system itself reflected that Florida Blue had in fact processed and paid for several medical claims during the Plan's active coverage period throughout 2022.

33. Therefore, Florida Blue wrongfully denied payment of the Plan Beneficiary's health insurance claims, without reasonable grounds, and despite the Plan Beneficiary's multiple requests to resolve the claim issues, which were not resolved, and this lawsuit followed.

34. As of the date of filing of this lawsuit, the Insurance Company has failed to address the Plan Beneficiary's multiple requests and has continued to deny services. The Member continues to receive medical bills and debt.

35. By virtue of multiple violations and wrongful denial of benefits by the Defendant and or its agents, the Plaintiff has been forced to retain the services of the undersigned counsel and has agreed to pay said attorney a reasonable fee for her services.

## COUNT I
## VIOLATION OF §502 (a) of ERISA Against Defendant

36. Plaintiff re-adopts and re-alleges and incorporates by reference paragraphs 1 through 35 as if fully set forth herein.

37. Plaintiff is a Plan Beneficiary under §502(a) of ERISA.

Case No.: _____

38. As a Plan Beneficiary under §502(a) of ERISA, Plaintiff is entitled to recover benefits under the terms of the plan administered by Defendant, its agents, and employees, under which he is covered.

39. As a Plan Beneficiary under §502(a) of ERISA, Plaintiff is entitled to clarification of his rights to benefits under the terms of the Plan whose claims are administered by Defendant, its agents, and employees, under which he is and was covered.

40. The terms of the health benefit plan at issue in this action obligates Defendant, its agents, and employees, to cover and make payment to Plaintiff for the above-referenced health insurance claims or benefits in accordance with its terms.

41. Defendant, its agents, and employees, failed to cover and or process medical claims submitted by Plaintiff's medical providers as described above, although the Plan Beneficiary had active and valid coverage, in violation of ERISA.

42. Defendant, its agents, and employees, failed to provide Plaintiff with all rights he is entitled to under the terms of the Plan whose claims are administered by Defendant, under which he is covered, in violation of ERISA.

43. Defendant, its agents, and employees, failed to make clear to Plaintiff all rights he is entitled to under the terms of the Plan whose claims are administered by Defendant, under which he is covered in violation of ERISA.



44. Defendant, its agents, and employees, further violated ERISA by interpreting and implementing ERISA plan terms in a way that was systematically arbitrary and capricious, and failed to provide a benefit determination and appeal process that provides for a full and meaningful review of benefit claims and determinations.

45. As a direct and proximate cause of the Defendant's and Defendant's agents and employees' violations of ERISA, Plaintiff has suffered damages.

46. Thus, Florida Blue's decisions to deny payment of the various medical claims submitted was wrong, and it wrongfully denied payment of said medical claims even though it was vested with the discretion in reviewing the claims and had sufficient grounds which supported the Plan Beneficiary's entitlement to payment and or processing of said medical claims or benefits under the Plan.

47. Despite the foregoing, the Defendant chose to wrongfully deny the claims although it completely lacked reasonable grounds to support its wrongful denials.

48. Plaintiff is entitled to monetary damages and/or restitution from Defendant. In particular, and not by way of limitation, Defendant is liable to Plaintiff for unpaid benefits, interest, attorneys' fees, and other penalties as this Court deems just and proper, under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

Case No.: _____

49. In addition, Plaintiff seeks counsel fees, costs, prejudgment interest and other appropriate equitable relief, Defendant's violations of ERISA.

**WHEREFORE**, Plaintiff prays that this Honorable Court will enter judgment against Florida Blue for Compensatory Damages from the actions caused by Defendant, its agents and employees; That this Court take jurisdiction of this action and all parties named in this Complaint, and that this Court permit Plaintiff to join in this action by appropriate amended pleading any such additional parties as may be necessary for a full and complete determination of Plaintiff's rights; and Award Plaintiff any such other relief as this Court deems just and proper.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, prays that this Honorable Court will enter judgment against Defendant, as follows:

a. For monetary damages and civil penalties;

b. For reasonable attorney's fees and costs of suit;

c. For all damages allowed under ERISA;

d. Declaring that the Insurance Company a has breached the terms of the Plan Documents and/or Insurance Policy;

e. Declaring that the Insurance Company has breached its fiduciary duties under ERISA;

f. Awarding pre-judgment and post-judgment interest; and



8950 SW 74th Court | Suite 2201 | Miami, FL 33156 | Ph: (305) 677-2292

Case No.: _____

g. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Health and Medicine Law Firm PLLC**
*Counsel for Plaintiff*
8950 SW 74 Court, Suite 2201
Miami, FL 33156
Ph: 305-677-2296
Fax: 305-677-2306

Service email:
admin@healthandmedicinelawfirm.com


By:     **/s/ Maria T. Santi**
            MARIA T. SANTI, ESQUIRE
            Florida Bar No.: 117564
            msanti@healthandmedicinelawfirm.com

**Case No.:** _____

# EXHIBIT A

Health & Medicine Law Firm
Advocates for Patients & Physician Directed Healthcare

8950 SW 74th Court | Suite 2201 | Miami, FL 33156 | Ph: (305) 677-2292
**Page 13 of 13**